CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

2026 AUG 19 A 9:11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Sabrina Morgan

*(In the space above enter the full name(s) of the plaintiff(s).)*

**- against -**

Ensemble Health Partners

**COMPLAINT**

Jury Trial: ☑ Yes ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Sabrina Morgan |
| | Street Address | 130 N. Fullerton Ave |
| | County, City | Essex County, Montclair |
| | State & Zip Code | New Jersey, 07042 |
| | Telephone Number | (312)656-5204 |

Righ to Sue Letter attached as Exhibit A. Dated 5/28/2026, which is within the 90 day period.

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Ensemble Health Partners
Street Address 11511 Reed Hartman Hwy
County, City Hamilton County, Cincinnati
State & Zip Code Ohio, 45241

Defendant No. 2
Name Mountainside Medical Center (c/o Ensemble Health Partners
Street Address 1 Bay Ave
County, City Essex County, Montclair
State & Zip Code New Jersey, 07042

Defendant No. 3
Name ______
Street Address ______
County, City ______
State & Zip Code ______

Defendant No. 4
Name ______
Street Address ______
County, City ______
State & Zip Code ______

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

- [x] Federal Questions
- [ ] Diversity of Citizenship
- [ ] U.S. Government Plaintiff
- [ ] U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Age Discrimination in Employment Act of 1967 (ADEA), Americans with Disabilities Act of 1990, and Employee Retirement Income Security Act (ERISA).

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ______________________

Defendant(s) state(s) of citizenship ______________________

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Mountainside Medical Center, 1 Bay Ave Montclair, NJ 07042

B. What date and approximate time did the events giving rise to your claim(s) occur? The incident occurred on September 17, 2025, at approxiamately 1:10 PM.

C. Facts:

What happened to you?

I received a phone call after weeks of attempting to be allowed to work. I had received previous text messages stating that I (and all PRNs) needed to provide more hours to stay in Good Standing, per the policy. I was denied the opportunity to comply and was eventually terminated for not complying with policy I had previously reported my medical condition. I noticed that younger, FTE were allowed reduced schedules. I was also denied an interactive process before my termination. I had sent emails to leadership and HR citing the unsafe conditions that this created for patients and staff. My emails were ignored.

Who did what?

My former supervisor, Gladys "Johanna" Betances, informed me by phone that she was terminating my employment. There was no prior disciplinary meeting, no corrective action plan, and no opportunity to improve or respond to any alleged concerns.

Was anyone else involved?

Human Resources representative Jill Saint-Baptiste was present on the call and actively participated in the termination decision. Prr to this call, I had received no disciplinary meeting, corrective action plan, w ritten warning, or opportunity to address any alleged concerns. The termination was su dden and occurred after weeks of my attempts to be scheduled and comply with P RN policy requirements, which were repeatedly denied or ignored. During this period, I sent multiple emails to leadership and HR—including emails directly to Jill Saint-Baptiste—reporting unsafe staffing conditions and the impact on both patients and staff. My concerns we re ignored, and HR took no corrective action despite being fully aware of the issues I raised.

Who else saw what happened?

As a result, I suffered loss of employment, income, and emotional distress due to d iscriminatory and retaliatory actions."That ties your facts directly to damages.

# Unjust Termination Narrative

### C. Facts

My former supervisor, **Gladys "Johanna" Betances**, informed me by phone that she was terminating my employment. There was no prior disciplinary meeting, no corrective action plan, and no opportunity to improve or respond to any alleged concerns.

I had received previous text messages from Gladys "Johanna" Betances stating that I (and all PRNs) needed to provide more hours to stay in good standing per policy. I was denied the opportunity to comply and was eventually terminated for not complying with policy. I had previously reported my medical condition, which resulted in my transfer to the PRN position.

I was also denied an interactive process before my termination. I had sent emails to leadership and HR citing the unsafe conditions that this created for patients and staff. My emails were ignored.

**Human Resources representative Jill Saint-Baptiste** was present on the call and actively participated in the termination decision. Prior to this call, I had received no disciplinary meeting, corrective action plan, written warning, or opportunity to address any alleged concerns. The termination was sudden and occurred after weeks of my attempts to be scheduled and comply with PRN RN policy requirements, which were repeatedly denied or ignored.

During this period, I sent multiple emails to leadership and HR—including emails directly to Jill Saint-Baptiste—reporting unsafe staffing conditions and the impact on both patients and staff. My concerns were neglected, and HR took no corrective action despite numerous issues I raised.

As a result, I suffered loss of employment, income, and emotional distress due to discriminatory and retaliatory actions.

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I experienced anxiety and emotional distress beginning before termination, due to retaliatory a ctions by leadership and Human Resources. Plaintiff was threatened with suspension without pay for not uploading a WorkDay profile picture and pressured to work additional hours despite loss of health benefits. Because Plaintiff could not afford therapy or medical treatment a fter losing coverage, the anxiety and stress intensified, resulting in ongoing emotional harm.

I made repeated efforts to speak with both HR and leadership about health and safety concerns in the workplace. These concerns were ignored each time, despite being directly related to My medical condition and the unsafe staffing environment. The lack of response, combined with retaliatory actions by leadership and HR, caused escalating anxiety prior to termination.

I was attempting to maintain both my job and her health, and leadership was fully aware of my medical needs and ongoing efforts to balance work responsibilities with health concerns.

V. **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Declaratory Relief: A declaration that Defendant's actions violated the ADA, ADEA, and ERISA §510.

Front Pay: Plaintiff seeks front pay in lieu of reinstatement, representing future wages and benefits I would have earned had she not been unlawfully terminated. Plaintiff does not request reinstatement due to the retaliatory and discriminatory conditions that led to her termination.

Compensatory Damages: ...

Punitive Damages: ...

Equitable Relief:

# Workplace Retaliation Claims

### IV. Injuries

I experienced anxiety and emotional distress beginning before termination, due to retaliatory actions by leadership and Human Resources. I was threatened with suspension without pay for not uploading a WorkDay profile picture and pressured to work additional hours despite losing health benefits. Because I could not afford therapy or medical treatment after losing coverage, the anxiety and stress intensified, resulting in ongoing emotional harm.

I made repeated efforts to speak with both HR and leadership about health and safety concerns in the workplace. These concerns were ignored each time, despite being directly related to my medical condition and the unsafe staffing environment. The lack of response, combined with retaliatory actions by leadership and HR, caused escalating anxiety prior to termination.

I was attempting to maintain both my job and my health, and leadership was fully aware of my medical needs and ongoing efforts to balance work responsibilities with health concerns.

### V. Relief

**Declaratory Relief:** A declaration that Defendant's actions violated the ADA, ADEA, and ERISA § 510.

**Front Pay:** I am seeking front pay in lieu of reinstatement, representing future wages and benefits I would have earned had I not been unlawfully terminated. I do not request reinstatement due to the retaliatory and discriminatory conditions that led to my termination.

**Compensatory Damages:** To be determined.

**Punitive Damages:** To be determined.

**Equitable Relief:** Any additional relief the Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 18 day of August, 2026.

Signature of Plaintiff Sabrina Morgan
Mailing Address 130 N. Fullerton Ave
Montclair, NJ 07042

Telephone Number (312)656-5204
Fax Number *(if you have one)*
E-mail Address smorgan206@aol.com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: Sabrina Morgan